548

## CIRCUIT COURT OF ARLINGTON COUNTY

Columbia Memorial Park, Inc.

v.

County Board of Arlington et al.

February 6, 1984

Case No. (Law) 23882

By JUDGE CHARLES H. DUFF

[The following is] my conclusion on the preliminary issue of the Petitioner's alleged exemption from real estate taxes under Article X, Section 6(A)(3), of the Constitution of Virginia. . . . The able briefs which have been filed by both sides have been carefully examined as have the authorities cited therein. It is my opinion that, at least for the years involved in this litigation (1979-1982), the Petitioner, Columbia Memorial Park, Inc., was not entitled to the Constitutional exemption.

The evidence leaves little room for doubt regarding the intent of the original transfer to the Petitioner in 1977 of the assets and liabilities of the Alexandria Park Association, Inc. However, the crucial evidence which I feel deprives the Petitioner of its exemption is the fact of the substantial non-interest bearing loans which it has made over these years to Mr. Thomas. These loans, totaling in excess of $190,000.00, clearly deprived the Petitioner of funds which otherwise could have been used for cemetery purposes. The fact that the borrower was owner of eighty percent of the preferred stock also must be taken into consideration in evaluating this aspect of the issue.

Whether a cemetery is operated for profit or not depends in a large measure on how the money derived from sales is used. The cases are clear that the mere fact of a profit, standing alone, does not equate with "operated for profit." The key is what does the cemetery do with the money. If it is used for cemetery purposes, then no violation of the Constitutional conditions occur. If, however, it is used for the benefit of private parties, particularly stockholders, then "profit" or "gain" has been realized and the exemption is jeopardized. In *San Gabriel Cemetery Assn. v. Los Angeles County*, 122 P.2d 330 (1942), the word profit was construed to mean "net earnings the benefit of which accrue directly or indirectly to the stockholders or members of the Association." Clearly, in my judgment, the Petitioner's earnings accrued, at least indirectly, to the benefit of Mr. Thomas for the years in question.

Having reached this conclusion, there is no need to express an opinion on the other bases contained in the Defendant's brief allegedly supporting loss of the exemption. In passing, however, it is appropriate to observe that the evidence appears to support the Petitioner's assertion that the financing of cemetery sales occupies a different position, with different problems, from the sale of more conventional assets.

Nor do I express any opinion as to the availability of the exemption to the Petition *in futuro*. Such is not necessary to this litigation, which is confined to the years 1979 through 1982.